**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CESAR AUGUSTO ALMARIO; MARIA YANET PERDOMO LOMELIN; J. D. A. P.; S. D. A. P.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-4226

Agency Nos. A245-093-300
A245-093-301
A245-093-302
A245-093-304

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026[**]
San Francisco, California

Before: COLLINS, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioners Cesar Augusto Almario, his wife Maria Yanet Perdomo Lomelin, and their two minor children, all citizens of Colombia, petition for review of a decision of the Board of Immigration Appeals ("BIA") upholding an order of an Immigration Judge ("IJ") denying Almario's application for asylum, withholding of removal, and relief under the Convention Against Torture ("Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

Convention").[1]  We have jurisdiction under § 242(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a).  We review the agency's legal conclusions de novo and "both [its] underlying factual findings and [its] application of the INA to those findings" for substantial evidence.  *Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026); *see also Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).  Under the latter standard, the agency's determinations "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  "Where, as here, the BIA adopts the decision of the IJ and affirms without opinion, we review the decision of the IJ as the final agency determination under the substantial evidence standard."  *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005).  We deny the petition.

1.  To establish eligibility for asylum or withholding of removal, an applicant must show a "nexus" between past or feared future harm and "a protected ground," *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023), and "membership in a particular social group" is one such protected ground, 8 U.S.C. § 1101(a)(42)(A); *see also id*. § 1231(b)(3)(A).  A qualifying particular social

---

[1] Almario's wife and two children did not file separate applications for relief, but were listed as riders only for purposes of Almario's asylum application.  *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, withholding of removal and relief under the Torture Convention "may not be derivative").

group must be, *inter alia*, "socially distinct within the society in question." *Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024) (citation omitted).

Almario's alleged past persecution and feared future persecution both arise out of a series of incidents in which the Revolutionary Armed Forces of Colombia ("FARC"), a rebel militia, threatened him and his family. Almario alleges that FARC members threatened to kill him and his family, and to kidnap his then-15-year-old son and coercively enlist him into the FARC's ranks, if Almario and his family remained in their hometown of Saladoblanco, Colombia. After being threatened, they fled Saladoblanco for Bogotá, where they allege FARC members continued to pursue them. Based on these contentions, Almario sought relief based on membership in the particular social group of "fathers" of "children between the ages of 12 and 17."

Substantial evidence supports the IJ's determination that Almario's proposed particular social group is insufficiently socially distinct. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) ("The BIA's conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence."). "Social distinction refers to whether the people of a given society would perceive a proposed group as sufficiently separate or distinct," and is based on "general social perception." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (simplified).

3

The IJ reasonably concluded that Almario had adduced insufficient evidence that Colombian society recognizes fathers of "children between the ages of 12 and 17 as a distinct group." In his briefing in this court, Almario does not point to any particular evidence of social distinction that the IJ overlooked and instead argues that the IJ's determination was conclusory and amounts to legal error. But the IJ's conclusion—that "the record does not establish that [fathers of children ages 12 to 17] are recognized as socially distinct"—was appropriate given the dearth of evidence demonstrating that requisite social distinction. *See Cruz v. Bondi*, 146 F.4th 730, 739 (9th Cir. 2025) (holding that the agency is presumed to have considered all relevant evidence); *see also Vilchez v. Holder*, 682 F.3d 1195, 1201 (9th Cir. 2012) ("An IJ does not have to write an exegesis on every contention." (simplified)).

Because substantial evidence supports the IJ's determination that Almario's proposed social group is insufficiently socially distinct, the agency properly rejected Petitioners' asylum claims, and Almario's individual withholding claim, based on his membership in this group.

2. Almario also asserts asylum and withholding claims based on his purportedly imputed political opinion, arguing that he was persecuted because of his "repeated defiance of the FARC[']s demands." But substantial evidence supports the agency's conclusion that Almario's resistance to the FARC's attempts

to enlist his son was "a mere refusal to comply with a criminal's demand," and did not reflect that a political opinion had been attributed to him. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021) ("[A] persecutor's actual motive is a matter of fact we review for substantial evidence." (simplified)). "[M]ost people who resist criminal activity directed towards them do so for obvious non-political self-interested reasons—they don't want to be the victim of a crime." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481–82 (1992) (holding that resistance to a guerilla organization's recruitment efforts, without more, does not evince "a political opinion hostile to the [organization]" (citation omitted)). Almario's briefing before this court fails to engage with our precedent holding that mere resistance to criminal activity, without more, is not sufficient to compel a finding of persecution based on political opinion. The agency therefore properly rejected Petitioners' asylum claims, and Almario's individual withholding claim, based on Almario's supposed political opinion.

3. Substantial evidence also supports the agency's conclusion that Almario failed to establish his eligibility for relief under the Torture Convention. For such relief, an applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country," "[a]nd that torture must be inflicted by or at the instigation of or with the consent or acquiescence of a public

5

official or other person acting in an official capacity." *Rodriguez-Zuniga*, 69 F.4th at 1023 (simplified). Substantial evidence supports the IJ's determinations that Almario had not suffered past torture, was not more likely than not to be tortured if removed, and had not shown that the Colombian government would consent to or acquiesce in any future torture. Almario's briefing does not meaningfully engage with those determinations or identify any specific evidence the IJ overlooked. Instead, Almario argues that the IJ's determinations were so conclusory as to amount to legal error. To the contrary, the IJ's ruling adequately explained its conclusions by reference to the relevant factual findings, including the Colombian government's ongoing efforts to control the FARC. *See Vilchez*, 682 F.3d at 1201; *Cruz*, 146 F.4th at 739.

**PETITION DENIED.**